IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LAWRENCE E. MAHER, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.* <br><br> Respondent. | Civil No. 19-cv-9060 (RMB) <br><br> **OPINION** |

**BUMB, CHIEF DISTRICT JUDGE**

Plaintiff Lawrence E. Maher ("Plaintiff"), alleges that while incarcerated at FCI Fort Dix, he was subjected to deliberate indifference to his serious medical needs, inadequate living conditions, and negligent medical care. (Second Am. Compl., Dkt. No. 79.) He asserts claims under the Eighth Amendment, the New Jersey Constitution, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680.

Defendants have filed a Motion to Dismiss. For the reasons explained below, the Court grants the Motion.

Accordingly, all claims are dismissed.

**I. BACKGROUND**

On September 28, 2018, Plaintiff filed an Administrative Claim under the FTCA, seeking $10,000 in damages for alleged inadequate medical care following the discovery of a pulmonary nodule in October 2016 at FCI Fort Dix. (First Am. Compl., Dkt. No. 1-5 at 55—56.) The Bureau of Prisons ("BOP") investigation revealed that Plaintiff had a preexisting history of severe chronic obstructive pulmonary disease ("COPD") and prior prostate cancer treatment. (*Id.* at 57—58.) Medical records reflect his ongoing monitoring in the Chronic Care Clinic, multiple imaging studies, and consultations with a contract pulmonologist, who recommended follow-up imaging and conservative medical management. (*Id.* at 29—43; 53.) Plaintiff underwent a CT-guided biopsy in June 2018. (*Id.* at 8.) The BOP concluded that there was no evidence of negligence and denied the claim, noting that surgery was not indicated, and that Plaintiff had not suffered a compensable loss. (*Id.* at 57—58.) Plaintiff was advised of his right to file suit in federal court within six months. (*Id.*)

Plaintiff also filed a regional administrative appeal requesting nutritional supplements, which was rejected for both procedural and substantive reasons. (*Id.* at 60.) The administrative appeal was denied, finding no medical evidence of malnourishment or need for dietary supplementation. (*Id.* at 64.)

## II. PROCEDURAL HISTORY

On March 28, 2019, Plaintiff, proceeding pro se, initiated this action under the FTCA, 28 U.S.C. §§ 1346(b), 2671–2680, seeking $3.2 million in damages for alleged medical negligence. (First Am. Compl., Dkt. No. 1-2 at 1—2.) He alleged that BOP medical staff failed to timely treat lung nodules despite his cancer history, and that this

2

omission contributed to the worsening of his condition, significant weight loss, recurrent infections, and other complications. (First Am. Compl., Dkt. No. 1-3 at 1—2.) He further alleges that prison officials disregarded environmental hazards, including mold at FCI Fort Dix, and that medical staff responded dismissively to his concerns following a collapsed lung. (*Id.* at 2.) As relief, Plaintiff sought monetary damages and injunctive relief in the form of transfer to a federal medical facility or placement in the Compassionate Release Program. (*Id.*)

After several periods of inactivity and multiple dismissals for failure to prosecute or serve, the Court reopened the matter and directed the U.S. Marshals to effect service. (*See* Dkt. Nos. 2–31.) On January 20, 2023, Respondents filed an Answer denying most of Plaintiff's allegations, proceeding only that Plaintiff received certain medical treatments while incarcerated at FCI Fort Dix, and that he filed and was subsequently denied an administrative tort claim. (Answer, Dkt. No. 34 at 3—7.) Defendants raised numerous affirmative defenses, including failure to state a claim, lack of jurisdiction, untimeliness, failure to exhaust administrative remedies, and failure to provide a required Affidavit of Merit under New Jersey law. Defendants deny liability for punitive damages, attorneys' fees, or a jury trial, and request dismissal of the complaint with prejudice. (*Id.* at 7—10.)

On May 15, 2023, Plaintiff moved for appointment of pro bono counsel (Motion, Dkt. No. 42), which was granted on July 24, 2023 (Motion, Dkt. No. 47).[1]

---

[1] The Court wishes to express its appreciation to pro bono counsel for their commendable assistance in this matter.

3

On May 17, 2024, following several extensions, Plaintiff submitted the operative Second Amended Complaint. (Second Am. Compl., Dkt. No. 79.) That pleading alleges that while incarcerated at FCI Fort Dix, Defendants exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment, failed to provide constitutionally adequate living conditions, and committed negligence and medical malpractice actionable under the FTCA. (*Id.*)

Plaintiff asserts that after being diagnosed with prostate cancer in 2014 and receiving radiation treatments, he was transferred to FCI Fort Dix in 2015, where Defendants were aware of his medical history. (*Id.* at 3—4.) Beginning in 2015, imaging revealed a pulmonary nodule that grew over time. (*Id.* at 4.) Despite repeated recommendations from outside physicians for a biopsy or removal, Defendants allegedly delayed or denied necessary treatment for years, even as additional nodules developed, symptoms worsened, and evidence of metastasis emerged. (*Id.* at 4—5.) Plaintiff further contends that his medical care was repeatedly delayed or canceled due to Defendants' negligence and retaliatory conduct, including failures to secure diagnostic testing, ensure compliance with pre-operative protocols, or provide appropriate medications. (*Id.* at 6—8.) He also alleges that he was subjected to prolonged solitary confinement under conditions that exacerbated his pulmonary symptoms, including lack of ventilation, inadequate medical care, and exposure to mold in his housing unit. (*Id.* at 9—11.)

According to Plaintiff, these delays and conditions resulted in the worsening of his health, significant weight loss, repeated hospitalizations, and long-term respiratory

4

complications. (*Id.* at 6—9.) He alleges that only after his compassionate release in September 2020 did he receive appropriate surgical intervention, which significantly improved his condition. (*Id.* at 10.) Based on these allegations, Plaintiff asserts four counts: (I) Eighth Amendment violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (U.S.N.Y., 1971); (II) violations of the New Jersey Constitution asserted through the FTCA against the United States; and (III—IV) medical malpractice and negligence under the FTCA. He seeks compensatory, punitive, and consequential damages, emotional distress damages, attorneys' fees, costs, and other relief deemed appropriate. (*Id.* at 10—14.)

On January 2, 2025, Defendants filed a motion to dismiss.[2] (Motion, Dkt. No. 93.) First, the motion urges dismissal of all *Bivens* claims (Count I) against the individual BOP employees, contending that Plaintiff's claims present a "new context" beyond the narrow circumstances in which the Supreme Court has recognized *Bivens* remedies, and that special factors counsel against extending such liability. (*Id.* at 15—17.) They further argue that even if a *Bivens* remedy were available, dismissal is warranted because the individual defendants are protected by qualified immunity and the claims are independently barred by the statute of limitations. (*Id.* at 28—29.)

Second, the motion seeks dismissal of Plaintiff's claim under the New Jersey Constitution (Count II) on jurisdictional grounds since the United States has not

---

[2] It is unclear why Defendant's say the motion to dismiss is "[partial]," see Motion, Dkt. No. 93 at 37, when the Motion addresses all of the claims. If this Court has misconstrued the Motion, the parties shall address the Court via Local Civil Rule 7.1(i).

5

waived sovereign immunity. (*Id.* at 34—35.) They note that Plaintiff has also indicated an intent to withdraw this count without prejudice, further supporting dismissal. (*Id.* at 34; Dkt. No. 91.)

Third, the motion argues that Plaintiff's FTCA claims (Counts III and IV) fail. (*Id.* at 35—36.) While acknowledging that Plaintiff filed an administrative tort claim in 2018, Defendants argue that his Second Amended Complaint relies on factual allegations outside the scope of that claim. (*Id.* at 36.) To the extent the FTCA counts rest on unexhausted theories, the Court lacks subject matter jurisdiction and must dismiss those claims. (*Id.* at 36—38.)

On August 18, 2025, Defendants supplemented their motion with the Third Circuit's recent precedential decision in *Muniz v. United States*, No. 24-1028, 2025 WL 2328350 (3d Cir. Aug. 13, 2025), which they contend is dispositive of Plaintiff's *Bivens* claims. (Letter, Dkt. No. 100.) Citing *Muniz*, Defendants argue that the BOP Administrative Remedy Program ("ARP") creates an alternative remedial structure, that is, a "new context" from *Carlson v. Green*, 446 U.S.14 (1980) and constitutes a "special factor" precluding extension of a *Bivens* remedy for alleged deficiencies in prison medical care. (*Id.* at 1.) Because Plaintiff had access to the ARP and does not allege interference with that process, Defendants maintain that *Muniz* forecloses his *Bivens* claims arising from medical treatment while incarcerated. (*Id.* at 1—2.)

## II. LEGAL STANDARD

### 1. *Federal Jurisdiction*

Federal courts are courts of limited jurisdiction and may adjudicate cases only where federal question jurisdiction exists, 28 U.S.C. § 1331, or diversity jurisdiction applies, 28 U.S.C. § 1332.

    2.    *Eighth Amendment and Bivens Claims*

Claims under the Eighth Amendment are actionable via *Bivens* against individual federal officers in their personal capacities and require a showing of deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994). Deliberate indifference encompasses conduct that is more than mere negligence, requiring the defendant to have actual knowledge of, and disregard for, an excessive risk to inmate health or safety. *See, e.g., Durmer v. O'Carroll,* 991 F.2d 64, 67—69 (3d Cir. 1993); *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Courts distinguish between mere disagreements over medical judgment or treatment and actionable constitutional violations.

    3.    *Federal Tort Claims Act ("FTCA")*

FTCA claims permit suit against the United States for the negligent or wrongful acts of federal employees acting within the scope of their employment, but the United States is liable only as a private person would be under state law, and certain remedies, including punitive damages and attorneys' fees, are statutorily barred, 28 U.S.C. §§ 1346(b), 2671–80. FTCA claims require the timely presentation of an administrative claim and exhaustion of remedies. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Establishing liability under the FTCA requires a plaintiff to demonstrate duty, breach,

proximate causation, and actual damages. *See Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).

    4.    *State Constitutional Claims*

State constitutional claims are actionable under supplemental jurisdiction, 28 U.S.C. § 1367(a), when part of the same case or controversy as federal claims. Courts may decline to exercise supplemental jurisdiction if federal claims are dismissed, 28 U.S.C. § 1367(c)(3). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Substantively, claims under the New Jersey Constitution mirror common law duties and constitutional principles, requiring proof of actionable misconduct and proximate harm. *See S.P. v. Newark Police Dep't*, 428 N.J. Super. 210, 230 (App. Div. 2012).

    5.    *Remedies Available*

Recoverable remedies differ depending on the claim. FTCA claims exclude punitive damages, attorneys' fees, and certain speculative or consequential damages, 28 U.S.C. §§ 2674, 2678. Eighth Amendment claims may support compensatory damages, but a plaintiff must show that defendants' conduct directly caused harm. *See Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012) (to recover for an Eighth Amendment violation, a prisoner must show deliberate indifference and that such indifference caused actual injury.) Equitable relief may be unavailable if the plaintiff is no longer subject to the challenged conditions. *See Abdul-Akbar v. Watson*, 4 F.3d 195 (3d Cir. 1993) (prisoner's release mooted claims for injunctive relief because he was no longer subject to challenged prison conditions.)

## III. DISCUSSION

### A. Eighth Amendment Claims Under *Bivens*

Plaintiff alleges that Defendants exhibited deliberate indifference to his serious medical needs while incarcerated at FCI Fort Dix, including delayed or denied treatment for pulmonary nodules, repeated cancellation of care, and exposure to substandard housing conditions. (Second Am. Compl., Dkt. No. 79 at 4—11.) Under the Eighth Amendment, a plaintiff must show that a defendant knew of and disregarded an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 105–06. Mere disagreement with medical judgment, inadvertent delay, or negligence is insufficient.

The complaint, however, attaches evidence that Plaintiff received ongoing medical care from April 2015 through 2018, including Chronic Care Clinic monitoring, multiple imaging studies, medication management, specialist consultations, and a CT-guided biopsy. (First Am. Compl., Dkt. No. 1-5 at 1—43, 53.) For example, after a pulmonologist identified a 4 mm pulmonary nodule in October 2016, Plaintiff was evaluated, prescribed medication, and scheduled for follow-up imaging. (*Id.* at 33.) Subsequent scans showed growth of the nodule, with follow-up CT and PET scans in 2018, and surgical intervention was not indicated at that time. (*Id.* at 7, 13—27.) Although Plaintiff disagrees with the pace and scope of his treatment, "disagreement with a doctor's professional judgment does not state a violation of the Eighth Amendment." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

9

Moreover, under the Third Circuit's recent decision in *Muniz*, the availability of the BOP's ARP constitutes a "special factor" foreclosing the extension of a *Bivens* remedy for alleged deficiencies in prison medical care beyond the narrow context of *Carlson*. Here, Plaintiff filed administrative claims and a regional appeal regarding his care, evidencing access to the BOP's ARP. (First Am. Compl., Dkt. No. 1-5 at 55—56, 60.) He does not allege interference with that process. (*Id.*) Accordingly, in light of *Muniz*, Plaintiff's Eighth Amendment claims must be dismissed.

### B. Claims Under the New Jersey Constitution

Plaintiff next alleges violations of the New Jersey Constitution, contending that Defendants failed to provide adequate medical care and subjected him to substandard living conditions. (Second Am. Compl., Dkt. No. 79 at 9—11.) He has since indicated his intent to withdraw this claim without prejudice. (Dkt. No. 91.)

Even absent withdrawal, the claim cannot proceed. The United States has not waived sovereign immunity for alleged violations of state constitutions, and federal courts lack original jurisdiction over such claims against the United States. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity bars constitutional tort claims against the United States absent waiver); *see also Robinson v. United States*, 849 F. Supp. 799, 801 (S.D. Ga. 1994) (federal courts lack jurisdiction over claims arising solely under a state constitution). The Third Circuit has similarly recognized that state constitutional claims cannot be shoehorned into the FTCA absent a specific statutory waiver. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

10

Therefore, Plaintiff's New Jersey constitutional claims are dismissed.

**C. Claims Under the Federal Tort Claims Act – Claim III and IV**

Plaintiff also asserts claims for negligence and medical malpractice under the FTCA (Counts III and IV). He alleges that Defendants' delay in treating his pulmonary nodules, failure to provide adequate pre-operative care, and exposure to environmental hazards such as mold caused his deteriorating health. (Second Am. Compl., Dkt. No. 79 at 4–11.)

To establish medical malpractice or negligence under the FTCA, a plaintiff must demonstrate: (1) the existence of a duty owed by the federal employee or agent; (2) a breach of that duty; (3) proximate causation linking the breach to the plaintiff's injury; and (4) actual damages. *See Polzo v. Cnty. of Essex*, 196 N.J. 569, 584 (2008). Claims are evaluated under the law of the state where the alleged act occurred—in this case, New Jersey law. A claimant must comply with procedural prerequisites, including filing an administrative tort claim with the relevant agency prior to commencing suit, 28 U.S.C. § 2675(a). *See McNeil v. United States*, 508 U.S. 106, 111–12 (1993).

Here, the record demonstrates that Plaintiff exhausted one administrative tort claim in 2018, limited to allegations of inadequate medical care following discovery of a pulmonary nodule and environmental exposure to mold. (First Am. Compl., Dkt. No. 1-5 at 55—58, 60.) However, his Second Amended Complaint advances broader allegations—such as retaliatory cancellation of appointments, and solitary confinement conditions—that were never presented in the 2018 claim. (Second Am.

11

Compl., Dkt. No. 79 at 6–11.) Because administrative exhaustion is a jurisdictional prerequisite, the Court lacks subject matter jurisdiction over any FTCA theory not fairly encompassed within the 2018 claim. *See White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010). Accordingly, those portions of the FTCA claims are dismissed.

Even as to the exhausted claim, Plaintiff fails to allege causation or compensable damages under New Jersey law. The medical records all reflect that his pulmonary nodules were repeatedly evaluated, monitored by imaging, and reviewed by specialists. (First Am. Compl., Dkt. No. 1-5 at 1—43, 53.) The BOP reasonably followed the pulmonologist's recommendations for conservative management until biopsy was clinically indicated in 2018. *(Id.* at 28, 32—40.) A plaintiff cannot establish negligence merely by disagreeing with the chosen course of treatment. *See Schueler v. Strelinger*, 43 N.J. 330, 344 (1964).

Furthermore, Plaintiff's allegation that his condition improved only after surgical intervention post-release does not demonstrate that earlier surgery was medically required, or that the delay proximately caused compensable injury. *See Komlodi v. Picciano*, 217 N.J. 387, 409 (2014). The BOP's denial of his administrative claim emphasized that surgery was not medically indicated at the time, a conclusion supported by contemporaneous medical records. (First Am. Compl., Dkt. No. 1-5 at 57–58.)

Plaintiff seeks punitive damages, consequential damages, and attorneys' fees. (Second Am. Compl., Dkt. No. 79 at 13–14.) These forms of relief are largely barred

under the FTCA. Punitive damages are explicitly excluded by statute (28 U.S.C. § 2674), and attorneys' fees are not recoverable absent specific statutory authorization (28 U.S.C. § 2678). Consequential or speculative damages, including weight loss, hospitalizations, or future medical costs, are generally not recoverable unless they constitute direct, reasonably foreseeable losses. *See Feres v. United States*, 340 U.S. 135, 146 (1950); *see also Polzo*, 196 N.J. at 584. Here, Plaintiff's claims for consequential damages are not supported by the record and therefore cannot be shown to constitute direct, foreseeable losses. (First Am. Compl., Dkt. No. 1 at 57—59, 64; Second Am. Compl., Dkt. No 79 at 6—9.)

For these reasons, Plaintiff's FTCA claims must be dismissed.

### D. Equitable Relief

Plaintiff also seeks equitable relief, including transfer to a federal medical facility and placement in the Compassionate Release Program. (First Am. Compl., Dkt. No. 1-3 at 2.) These claims are moot. Plaintiff was granted compassionate release in September 2020, after which he underwent successful surgical intervention. (Second Am. Compl., Dkt. No. 79 at 9—10.) Because he is no longer incarcerated, he is not subject to the challenged conditions at FCI Fort Dix, and his claims for injunctive or declaratory relief are dismissed as moot. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206–07 (3d Cir. 1993); *see also Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff has failed to sufficiently allege actionable Eighth Amendment violations, FTCA claims, or state constitutional claims.. Accordingly, all claims must be dismissed.

An appropriate order follows.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

Dated: August 27, 2025